IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,149-01






EX PARTE BRIAN KEITH HORTON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 27498-A IN THE 3RD JUDICIAL DISTRICT COURT


FROM ANDERSON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to burglary of a
habitation in exchange for three years' deferred adjudication community supervision. He was later
adjudicated guilty and sentenced to twenty years' imprisonment. The Twelfth Court of Appeals
dismissed his appeal at Applicant's request. Horton v. State, No. 12-11-00069-CR (Tex. App. -
Tyler, September 7, 2011).

 Applicant contends, inter alia, that his counsel at adjudication rendered ineffective assistance
for various reasons. Applicant alleges that counsel did not consult with him before the adjudication
hearing, failed to present evidence to explain or rebut the alleged violations of the conditions of
community supervision, and failed to call Applicant's original probation officer to testify as a
character witness on Applicant's behalf. In addition, Applicant alleges that just before the
adjudication hearing, counsel brought to the attention of the adjudicating judge the fact that
Applicant was the son-in-law of a person against whom the judge had apparently filed a slander suit. 
Applicant alleges that after bringing this to the attention of the adjudicating judge, counsel failed to
request that the judge recuse himself from the proceedings. 

 On March 7, 2012, this Court remanded to the trial court to obtain affidavits, findings of fact,
and specific documents necessary to address Applicant's claims and to clarify other issues regarding
how Applicant could have been on deferred adjudication five years after his original three-year term
of probation was imposed. On July 13, 2012, this Court received findings of fact and conclusions
of law from the trial court, recommending that Applicant be granted a new adjudication hearing. 
However, the supplemental record does not contain any of the documents requested in this Court's
original remand order. Nor does it appear that Applicant's counsel at adjudication was given the
opportunity to explain his actions. In addition, the trial court's findings of fact and conclusions of
law do not address all of the matters specified in the remand order. Therefore, we are compelled to
remand the case again to obtain the necessary documents, affidavits and findings.

 The trial court shall obtain an affidavit from Applicant's adjudication counsel responding to
Applicant's claims of ineffective assistance of counsel. If the trial court elects to hold a hearing, it
shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented
by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code
Crim. Proc. art. 26.04. 

 The trial court shall supplement the habeas record with all documents pertaining to the
adjudication proceedings in this case, including the State's motion to proceed to adjudication and
a transcript of the proceedings leading to the final adjudication of guilt. In addition, the trial court
shall supplement the record with documents pertaining to any previous motions to adjudicate which
did not result in a final adjudication. 

 The trial court shall make findings of fact as to whether Applicant's original three-year period
of deferred adjudication community supervision was extended, and if so, when and how. The trial
court shall make findings as to when the motion to adjudicate which eventually led to the
adjudication was filed. The trial court shall make findings as to whether the performance of
Applicant's adjudication attorney was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: August 22, 2012

Do not publish